IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,           :

        Plaintiff,

                                  :

    vs.                                Case No.  3:05cr162

                                  :

GARY LYNN SMITH,                JUDGE WALTER HERBERT RICE

                                  :

        Defendant.

---

VERDICT OF GUILTY AS CHARGED; FURTHER PROCEDURES ORDERED

---

     The Defendant is charged by Grand Jury Indictment in Count 2 with attempting to possess with intent to distribute five kilograms of Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii), all in violation of 21 U.S.C. § 846.  By means of Stipulation, he has agreed that on August 18, 2005, in the Southern District of Ohio, he knowingly, willfully, intentionally and unlawfully attempted to possess a certain quantity of Cocaine, a Schedule II controlled substance, with the specific intent to distribute it.  However, he denies attempting to possess with intent to distribute five kilograms of that controlled substance.  While a reasonable doubt might exist whether he intended to possess with intent to distribute five kilograms of Cocaine, a preponderance of the evidence, the operative standard in sentencing, shows that it is more likely than not that he had

such an intent.  While the Defendant raises the defense of entrapment, in the alternative, such defense does not apply to him, because of his stipulation which, in essence, admits his guilt to attempting to possess with intent to distribute cocaine, leaving only the amount in question.

The captioned cause came on to be heard upon the testimony, the evidence and the stipulations of the parties, before the Court sitting as the trier of fact, a jury having been waived in open Court and in writing by the Defendant.

## 2. FACTS

On August 18, 2005, Defendant Gary Smith ("Smith" or "Defendant") was arrested and charged with attempting to possess with intent to distribute five kilograms of cocaine.  The arrest followed an investigation into a series of drug deals and a number of phone calls between Smith and Detective Williams, an undercover agent.

The Defendant was arrested after a drug deal which took place on August 18, 2005, between himself and Detective Williams at a Bob Evans restaurant ("Bob Evans") on Miller Lane, Dayton, Ohio.  At the meeting, Detective Williams continually offered to sell Defendant five kilograms of cocaine.  Smith refused Detective Williams' offers, saying he did not have enough money.  At the end of the conversation, in response to Detective Williams' last offer of five kilograms, Smith said, "whatever you want to do."  Subsequent to the meeting,

Smith followed Detective Williams to Williams' car, took possession of a five kilogram bag of (sham) cocaine and left for his own vehicle. Upon seeing the agents approaching him, Mr. Smith threw the bag out the car window, without ever having looked into the container. He was then arrested.

Before the arrest, Detective Williams and Smith had engaged in multiple drug deals. These deals were never for more than an ounce of cocaine. During phone calls discussing price and meeting times, leading up to the final meeting, Smith continually refused and resisted Detective Williams' offers to sell him five kilograms of cocaine. During a call soon before the Bob Evans meeting, in response to a question from Detective Williams as to whether he wanted two or five kilograms of cocaine, Smith said, "I gotcha." This call, other calls, prior drug deals and the final drug deal at the Bob Evans led to Mr. Smith's arrest.

### 3. LAW

Due to Smith's stipulation, he is unquestionably guilty of attempting to possess with intent to distribute cocaine. The Court is left to resolve the quantity of that substance he attempted to possess with intent to distribute, which, as explained below, will bear only on his sentence. A conviction for attempting to possess with intent to distribute two kilograms of cocaine results in a five to forty year sentence. 21 U.S.C. S 841(b)(1)(A)(ii). A conviction for attempting to possess with intent to distribute five kilograms of such, however, results in a

sentence of ten years to life. 21 U.S.C. 841(a)(1).

The government, to increase the mandatory minimum from five to ten years, need only prove by a preponderance of the evidence that Mr. Smith attempted to possess with intent to distribute five kilograms of cocaine.[1] Only for sentencing in excess of the forty year statutory maximum does the government need to prove its case beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Because the Court may sentence above the statutory maximum, upon the proper finding, an attempt analysis will follow under both standards of proof, beyond a reasonable doubt and preponderance of the evidence.[2]

21 U.S.C. 841(a)(1) and (b)(1)(A)(ii) prohibit any person from knowingly, intentionally and unlawfully possessing with intent to distribute of cocaine. To be convicted of an attempt crime, the government must prove beyond a reasonable

---

[1] The judge may impose the minimum, maximum or any sentence within the sentencing range for a particular offense without seeking further authorization from those juries and without contradicting Apprendi. Harris v. United States, 536 U.S. 545, 565 (U.S. 2002). Further, when estimating drug quantity, a court must err on the side of caution. United States v. Darwich, 337 F.3d 645, 661 (6th Cir. 2003).

[2] Drug quantity is considered an element of the offense and not a sentencing factor only when the quantity alters the statutory-maximum sentence the defendant could receive. United States v. Strayhorn, 250 F.3d 462, 468 (6th Cir. 2001) (citing United States v. Ramirez, 242 F.3d 348, 351 (6th Cir. 2001)). Additionally, in United States v. Booker, the Supreme Court held that the Sentencing Guidelines were no longer mandatory. 543 U.S. 220, 245 (2005). A court should consider the Guidelines as advisory and as a factor to consider with other 18 U.S.C.S § 3553(a) factors.

doubt both that a defendant intended to commit a criminal act and the commission of an overt act that constitutes a substantial step toward that criminal act. United States v. Bilderbeck, 163 F.3d 971, 975 (6th Cir. 1999). A defendant's objective conduct must unequivocally corroborate a subjective intent to purchase cocaine. United States v. Pennell, 737 F.2d 521, 525 (6th Cir. 1984), cert. denied, 469 U.S. 1158 (1985). A defendant may be convicted of attempting to possess cocaine even if the cocaine was sham cocaine. Id. at 524-25.

### 4. APPLICATION

a.  A REASONABLE DOUBT EXISTS AS TO WHETHER MR. SMITH ATTEMPTED TO POSSESS WITH INTENT TO DISTRIBUTE FIVE KILOGRAMS OF COCAINE

The government relies on three pieces of evidence to show that Smith attempted to possess with intent to distribute five kilograms of cocaine. First, that Smith accepted Detective Williams' offer to sell five kilograms during an earlier phone conversation where Smith said "I gotcha" in response to the offer. True, "I gotcha" could be interpreted as an acceptance of Detective Williams' offer. Moreover, it could also mean "I understand," not "I accept." Additionally, in response to Detective Williams' offer to sell five kilograms at Bob Evans, Smith said, "whatever you want to do." These words show that Smith was open to the purchase of five kilograms. However, mere openness to committing a criminal act falls short of an unequivocal corroboration of a specific intent to purchase five

kilograms.  United States v. Pope, 561 F.2d 663, 670 (6th Cir. 1977) (21 U.S.C. 841 requires a showing of specific intent).

Second, the government argues that Smith's receipt of the five kilogram flight bag corroborates an intent to purchase that amount, since a five kilogram bag of cocaine weighs more than a two kilogram bag of such.  A reasonable doubt exists that Smith knew he was carrying five kilograms.  He may not have been paying attention to the weight of the bag in light of the tense situation, and may not have been able to tell the difference in weight.

Third, the government points to Smith's prior drug deals with Detective Williams as evidence of intent to purchase five kilograms.  The prior drug deals, however, were never for more than an ounce, an amount far less than five kilograms.  These deals show a willingness to deal drugs, but they do not show beyond a reasonable doubt that Smith intended to deal five kilograms.

Based on the above reasoning, a reasonable doubt exists as to whether Mr. Smith had the specific intent to possess and distribute five kilograms of cocaine.

b.  A PREPONDERANCE OF EVIDENCE SHOWS THAT THE DEFENDANT ATTEMPTED TO POSSESS WITH INTENT TO DISTRIBUTE FIVE KILOGRAMS OF COCAINE

The Court will be required to sentence at the greater mandatory minimum of ten years, if the government has proven by a preponderance of the evidence that Defendant attempted to possess with intent to distribute five kilograms of

cocaine.[3] The evidence shows that Detective Williams repeatedly offered Smith five kilograms. Smith's responses, "I gotcha" and "whatever you want to do," combined with his completion of the drug deal, show that he more likely than not knew Detective Williams would give him five kilograms if he proceeded with the transaction. Further, Smith more likely than not knew he was carrying a bag heavier than two kilograms. Finally, Mr. Smith's prior drug deals with Detective Williams show a predisposition to deal drugs.

On balance, Smith more likely than not intended to purchase five kilograms of cocaine from Detective Williams, after their meeting at Bob Evans.

### 5. ENTRAPMENT DEFENSE DOES NOT APPLY

Smith raises the entrapment defense as an alternate theory to the charge of attempting to possess with intent to distribute five kilograms of cocaine. This defense is inapplicable, because Mr. Smith stipulated to attempting to possess with intent to distribute a certain quantity of Cocaine.

An entrapment defense requires proof of two elements: (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal activity. United States v. McMahan, 129 Fed.Appx 924, 930 (6th Circuit, 2005) (citing Khalil 279 F.3d at 365.) Smith

---

[3] To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. Williams v. Eau Claire Pub. Sch., 397 F.3d 441, 444 (6th Cir. 2005).

stipulated that he attempted to possess with the intent to distribute a certain quantity of cocaine, an admission which shows a predisposition to commit the offense. Accordingly, Defendant will not be able to satisfy the second element of the entrapment defense to criminal culpability.

An alternate legal theory to an entrapment defense is sentencing entrapment, which exists where outrageous government conduct overcomes the will of the defendant, predisposed to deal in only small quantities of drugs, to increase the amount of drugs he deals and, therefore, to increase the sentence ultimately imposed. United States v. Nanez, 168 Fed.Appx. 72, 77 (6th Cir. 2006). This legal theory has not been recognized by the Sixth Circuit or the U.S. Supreme Court. Nanez, 168 Fed.Appx. at 77, but has been recognized by other circuits. Assuming the Sixth Circuit would be open to such a theory, when considering sentencing entrapment, the Court must look at the record to determine whether the defendant's will was overcome to the extent he dealt in a larger quantity of cocaine, when he was inclined to deal only in small quantities. Id. at 77. The record shows that Smith was aware, prior to the meeting with Detective Williams, that he would receive a large quantity of cocaine. The record does not show that Mr. Smith's will was overcome. Thus, the sentencing entrapment defense, even if viable in this Circuit, is inapplicable herein.

## 6. CONCLUSION

Smith's responses, previous drug deals and possession of the heavier bag show by a preponderance of evidence that he intended to possess with intent to distribute five kilograms of cocaine.  Further, Smith cannot succeed on an entrapment defense as, in effect he pled guilty to the attempt charge, leaving only the amount of the controlled substance in controversy.  Additionally, sentencing entrapment is not recognized by the 6th Circuit or the Supreme Court and, even if it were, would not be applicable under the facts of this prosecution.

Having found the Defendant guilty of attempting to possess with intent to distribute five kilograms of Cocaine, the Court refers the Defendant to the United States Probation Department for presentence report.  Sentencing will be held at 1:30 p.m. on Monday, December 11, 2006.

|  |  |
|---|---|
|  | /s/ Walter Herbert Rice |
| September 15, 2006 | WALTER HERBERT RICE<br>UNITED STATES DISTRICT JUDGE |

Copies to:

Dwight K. Keller, Esq.
Derek A. Farmer, Esq.
United States Marshal
United States Pretrial Services

Dan Kilgore, U. S. Probation Officer