# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,        :        Case No. 3:05-cr-162
                                                  also 3:11-cv-192

 - vs -                                    District Judge Walter Herbert Rice
                                                  Magistrate Judge Michael R. Merz

GARY LYNN SMITH,

        Defendant.       :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 88). The Motion has been referred to the undersigned United States Magistrate Judge under the General Order of Assignment and Reference, as are all collateral attacks on criminal judgments in this Court.

On November 26, 2010, Defendant filed a Motion for the Court to Take Judicial Notice that it lacked jurisdiction of this case and to dismiss it on that basis (Doc. No. 79). On January 13, 2011, Defendant filed a Motion for the Court to Show Cause why the case should not be dismissed on the basis set forth in the Motion for Judicial Notice (Doc. No. 80). The Government responded to that Motion by indicating the proper method to challenge the conviction was by Motion to Vacate under § 2255 (Doc. No. 82). Defendant responded by moving to strike the Government's response on the grounds that he had not filed a § 2255 Motion (Doc. No. 83). A month later Defendant filed a Motion to Compel this Court to answer his Motion for Judicial Notice (Doc. No. 84). On May 19, 2011, Judge Rice noted that this Court lacked jurisdiction to entertain his Motion to Dismiss unless

he recharacterized it as a Motion to Vacate under § 2255 (Doc. No. 86).  Defendant responded with a Motion to compel the Court to prove it has subject matter jurisdiction over a § 2255 Motion brought by him (Doc. No. 87) and then with a Request that the Court Proceed under § 2255 (Doc. No. 88).

Rule 4(b) of the Rules Governing § 2255 Cases provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion ... ."

The gravamen of Defendant's claim is that the United States did not have legislative jurisdiction over the place where the drug transaction in this case occurred – the Bob Evans restaurant on Miller Lane in the Dayton, Ohio, area – because the State of Ohio has never ceded such jurisdiction to the United States.  It is on the same basis that Defendant contests this Court's subject matter jurisdiction to consider a § 2255 motion in this case.

The United States of America acquired sovereignty over the territory where the crime was committed by cession from the British Crown in the Treaty of Paris at the conclusion of the Revolutionary War.  It legislated generally for that territory by adopting the Northwest Ordinance in 1787 and later admitted Ohio as the seventeenth State of the Union in 1803.  By providing for the organization of the State of Ohio, the United States did not cede to the State all of the sovereignty it possessed over this territory and Congress has from the very beginning enacted general criminal laws which have applicability throughout the territorial United States.  The law prohibiting possession of cocaine is one such law.

Defendant relies on Article I, Section 8, Clause 17 of the Constitution, the so-called Enclave Clause.  He argues that the United States does not have the jurisdiction to prosecute offenses committed at the Bob Evans restaurant where this crime occurred because "[t]he property of the Bob

Evans restaurant was not ceded to the United States nor purchased with the consent of the legislature of Ohio" within the meaning of the Enclave Clause. (Motion, Doc. No. 87, PageID 504) That is certainly true, but it is irrelevant[1]. If the United States did own the land (which has never been contended in this case) and the United States had acquired the land consistent with the Enclave Clause, then it would have legislative jurisdiction over the restaurant land. But the flaw in Defendant's logic is his assumption that the United States has power to legislate for a particular piece of property **only if** it owns the land and has complied with the Enclave Clause. That is simply not so; compliance with the Enclave Clause is only one of the ways the United States can acquire legislative jurisdiction with respect to a piece of land. See *United States v. Gabrion*, 517 F.3d 839 (6th Cir. 2008).

Without any doubt the Congress has power to enact general criminal laws which operate throughout the territory of the United States and has done so in enacting the Controlled Substances Act. See *Gonzales v. Raich*, 545 U.S. 1, 17 (2005); *Gabrion, supra*, at 858 (Moore, J., concurring). This authority is not exclusive of the general police power of the State of Ohio and indeed Ohio has also made criminal the activity in which Defendant engaged.

The subject matter jurisdiction of federal courts must, of course, be distinguished from the legislative jurisdiction of the Congress. See *Gabrion, supra*, 517 F.3d at 845, n. 5. But the subject matter jurisdiction of federal courts over federal crimes created by Congress is exclusive of the States and has been since the Judiciary Act of 1789. That provision is now codified at 18 U.S.C. §3231:

---

[1] The United States almost certainly owned this piece of land after the Treaty of Paris and it was probably granted to the predecessor in title of the present owner by land grant signed by the President, perhaps Washington, but probably Madison. This historical question is irrelevant to the issues in this case as is the question who has present title.

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Defendant was prosecuted in this Court for a federal crime under that exclusive subject matter jurisdiction.

Given that exclusive jurisdiction over offenses against the United States, Congress also provided ancillary jurisdiction in this Court to adjudicate a § 2255 motion filed in such a case when, in 1948, it enacted § 2255 as an alternative to habeas corpus for convicted federal prisoners. Federal courts have had subject matter jurisdiction to consider habeas corpus petitions brought by federal prisoners since the Judiciary Act of 1789. *Ex parte Bollman*, 8 U.S. 75 (1807)(Marshall, C.J.)

Apart from these substantive reasons why Defendant's Motion to Vacate is without merit, there is a procedural reason why it should be dismissed with prejudice. Section 2255 imposes a one-year statute of limitations, running from the time a case becomes final on direct appeal. The United States Supreme Court denied certiorari in this case on June 2, 2008 (Doc. No. 77). Therefore Defendant's time to file a motion to vacate expired June 2, 2009. He did not file his original request for judicial notice in this case until November 26, 2010, far more than a year later.

In accordance with the foregoing analysis:

1. Defendant's motion to recharacterize his filings as a motion to vacate under § 2255 (Doc. No. 88) is GRANTED;

2. Defendant's motion for this Court to show how it has subject matter jurisdiction of a motion to vacate under § 2255 is GRANTED and that subject matter jurisdiction is shown above;

3. Defendant's Motion for an Order to Show Cause (Doc. No. 80), Motion to Strike the Government's Response (Doc. No. 83), and Motion to Compel the Court to Answer the Show Cause Motion (Doc. No. 84) are DENIED as moot; and

4.  It is respectfully recommended that Defendant's original Motion for Judicial Notice to Dismiss for Lack of Criminal Jurisdiction (Doc. No. 79), construed at Defendant's request as a motion to vacate under 28 U.S.C. § 2255, be denied with prejudice for the reasons set forth above. Because reasonable jurists would not disagree with this conclusion, it is also recommended Defendant be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 25, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).