# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 3:05-cr-162
                                                    also 3:11-cv-192

  - vs -                                        District Judge Walter Herbert Rice
                                                        Magistrate Judge Michael R. Merz

GARY LYNN SMITH,

        Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This § 2255 matter is before the Court on Defendant's Objections (Doc. No. 92) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 90) recommending that the Defendant's § 2255 Motion be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

The Report summarizes Defendant's claims as follows:

> The gravamen of Defendant's claim is that the United States did not have legislative jurisdiction over the place where the drug transaction in this case occurred – the Bob Evans restaurant on Miller Lane in the Dayton, Ohio, area – because the State of Ohio has never ceded such jurisdiction to the United States. It is on the same basis that Defendant contests this Court's subject matter jurisdiction to consider a § 2255 motion in this case.

(Report, Doc. No. 90, PageID 517.) Defendant's theory of lack of territorial jurisdiction was the Enclave Clause (Art. I, § 8, Cl. 17) which provides that Congress can legislate for territory ceded to the United States or purchased with the consent of the state legislature. The Report noted that the

Enclave Clause was not the sole source of Congressional power, that Congress has power to enact general criminal laws which operate throughout the territory of the United States, that it had done so in enacting the controlled substances statute under which Defendant was convicted, and that it had conferred exclusive jurisdiction to try federal criminal charges on the federal courts since the Judiciary Act of 1789, now codified at 18 U.S.C. § 3231. *Id.* at PageID 518.

Accepting all of this, Defendant asserts the Report does not demonstrate subject matter jurisdiction. Acknowledging that 18 U.S.C. § 3231 confers exclusive jurisdiction on the "district courts of the United States," he claims those are not the same as "United States district courts," asserting "[t]here is a fundamental distinction between the two courts." (Objections, Doc. No. 92, PageID 524. He then cites three Supreme Court decisions holding that certain courts are not courts exercising the judicial power of the United States under Article III of the Constitution. In *Balzac v. People of Porto Rico*, 258 U.S. 298 (1922), the Supreme Court held the U.S. district court for Puerto Rico was a territorial court, not a true Article III court. In *Stephens v. Cherokee Nation*, 174 U.S. 445 (1899), the Court held that the United States Court in Indian Territory was a territorial and not an Article III court. Conversely, in *O'Donoghue v. United States*, 289 U.S. 516 (1933), the Court held that the Supreme Court and Court of Appeals of the District of Columbia are constitutional Article III courts.[1]

Based on this case law, none of which speaks of the State of Ohio or land in this State, Defendant asserts "[t]he United States District Court for the Southern District of Ohio is only a territorial court, not a district court of the United States." (Objections, Doc. No. 92, PageID 526). That is simply not so. 28 U.S.C. §§ 81 through 131 create judicial districts in each State; 28 U.S.C.

---

[1] The language from this decision quoted by Defendant refers to the superior courts of the Territory of Florida which were held not to be Article III courts in *American Insurance Co. v. Canter*, 1 Pet. (26 U.S.)511, 546, 7 L. Ed 242 (1828)(Marshall, Ch. J.).

§ 115 divides Ohio into the Northern and Southern Districts.[2] 28 U.S.C. § 132 creates a district court in each district to be known as "the United States District Court for the district." § 133 provides that the President shall appoint district judges for those courts "by and with the advice and consent of the Senate..." There are no other courts which are "district courts of the United States" other than the courts created by Chapter 5 of Title 28 of the Judicial Code.

Defendant makes no objection to the alternative basis cited in the Report for dismissal, to wit, the fact that his § 2255 Motion was filed outside the one-year statute of limitations.

Based on the foregoing analysis, it is again respectfully recommended that the § 2255 Motion to Vacate be dismissed with prejudice.

August 23, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure

---

[2] The District of Ohio was divided by Congress into Northern and Southern Districts in 1855. A Place of Recourse: a History of the U.S. District Court for the Southern District of Ohio, Roberta Alexander (Athens, 2003), p. 27.

may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).